UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SAID HAJEM,

                          Plaintiff,

     -against-

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF THE NEW YORK
CITY POLICE DEPARTMENT, P.O.
RAMKISOON, in their individual and professional
capacities.

                          Defendants.

------------------------------------------------------------X

**COMPLAINT WITH
JURY DEMAND**

Index No.: 07cv9431

Plaintiff, SAID HAJEM ("HAJEM"), by and through his attorney, David B. Rankin, as and for his Complaint against Defendants, respectfully sets for the following:

1. This action is hereby commenced for the purpose of seeking to secure protection of, and to redress the deprivation of, rights secured by the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, and New York State Executive Law §296, providing relief based upon Defendant's unlawful employment practice of discrimination based upon Plaintiffs' race and national origin.

## JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked based upon federal question and pursuant to 28 U.S.C.A §§ 1343 and 42 U.S.C.A. §1981; this being a proceeding seeking to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964 and the United States Constitution through 42 U.S.C. §1983.

3.  The unlawful employment practices were committed by Defendants in the Southern District of New York.

## PARTIES

4.  Plaintiff HAJEM, is a 36-year-old citizen of the United States born in Morocco. Plaintiff is an Arab American who is a Muslim. Plaintiff resides in Astoria, New York.

5.  Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. Defendant CITY is authorized by law to maintain a Police Department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

6.  Defendant RAYMOND KELLY ("KELLY") has been Commissioner of the New York City Police Department since January 2002 and was acting in such capacity at all times relevant herein; he is sued in his official capacity.

7.  Defendant RANKISSOON is an officer of the New York City Police Department involved in the hiring of new recruits for the Department. He is being sued in his individual and his official capacity.

8.  Each and all of the acts of the Defendants alleged herein were done by said defendants while acting within the scope of their employment by Defendant THE CITY OF NEW YORK.

9.  Each and all of the acts of the Defendants alleged herein were done by said defendants while acting in furtherance of their employment by Defendant THE CITY OF NEW YORK.

## SATISFACTION OF PREREQUISITES UNDER TITLE VII

10.  On or about April 15, 2007 Plaintiff HAJEM, in accordance with applicable law, filed a Verified Complaint with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

11.  Said Verified Complaint charged that Defendants engaged in unlawful employment discrimination practices bases upon race and national origin.

12.  On July 25, 2007, the EEOC issued a "Right to Sue" Letter advising Plaintiff of the completion of his prerequisites to file suit in federal court. A copy of the "Right to Sue" Letter issued to Plaintiff is annexed hereto as Exhibit 1.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS

13.  Plaintiff HAJEM was born in Morocco on September 25, 1971. He grew up in the city of Fez. When Plaintiff was 19 years old his father passed away and Plaintiff assumed responsibility for his family of six (6). Plaintiff worked and studied as well, completing an Associates degree in Economics and Bachelor's of Science majoring in Finance and Banking.

14.  In 2000 Plaintiff came to the United States. Plaintiff proceeded to work exceptionally hard to both support himself economically, learn English, and to continue his education. Plaintiff received a degree in Accounting and a certificate of proficiency in English. Two years later he completed a degree in Business Management. Plaintiff achieved a Grade Point Average (GPA) of 3.3.

15. Following the events of September 11, 2001 Plaintiff felt a need to serve his adopted country. After seeing a 60 Minutes special on recruiting problems with the NYPD and the need for Arabic speakers on the force, Plaintiff decided to pursue career with the Police Department.

16. Plaintiff took the police academy entrance exam in February of 2006, the test number was 5046. Plaintiff scored an 85.882.

17. Plaintiff underwent a written and oral psychological examination and was told at the time he was passed and was clear to continue to the Police Academy. Plaintiff also passed the Academy physical exam.

18. The NYPD requires an applicant have 60 college credits and a GPA of 2.2. Plaintiff has a Bachelor's degree in Economics and two Associates Degrees with a GPA of 3.33.

19. On June 30 2006 Plaintiff received a congratulatory letter from Police Commissioner KELLY, dated June 28, 2006, wishing him the best in the academy and stating he was looking forward to meeting Plaintiff at the swearing in ceremony.

20. Plaintiff submitted all of the required paperwork and anticipated starting with the August 31, 2006 class at the Police Academy.

21. On July 4, 2006 Plaintiff was planning on celebrating his first Independence Day as an American citizen by traveling to Mystic Connecticut with some friends. He received a phone call from Defendant RAMKISSOON around 10 a.m. asking Plaintiff to come to Brooklyn to meet and give him three references or names of neighbors.

22. Plaintiff cancelled his plans and drove from upstate New York to meet Officer RAMKISSOON. When they met the Defendant Officer looked at the references which Plaintiff provided.

23. Defendant RAMKISSOON stated in substance "these are Middle Eastern names and I want American names. You may be a terrorist and they may say a good things about you." He also added "I am against people who come from other countries and want to be police officers here."

24. Officer RAMKISSOON rejected Plaintiff's application to the Police Academy based on the fact that the Plaintiff was a naturalized American citizen native to Morrocco, he was Muslim, and he was of Middle Eastern origin.

25. Plaintiff was not allowed to join the Police Academy on August 31, 2006.

26. Plaintiff was hurt and upset by Officer RAMKISSOON's comments.

27. On February 1, 2007 Plaintiff called Officer RAMKISSOON to follow up on his application with the hope that he might be able to join the Police Academy for the class which had begun the previous day on January 31, 2007. Officer RAMKISSOON stated "You are not hired," and then hung up on the Plaintiff.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF 42 USC § 1983

28. Plaintiff re-alleges the allegations of ¶¶ 1-26 and incorporates them by reference herein.

29. Defendants are in violation of 42 U.S.C. § 1983, which authorized this Court to redress the deprivation of rights, privileges and/or immunities secured by the United States Constitution that occur under the color of state law.

30. Through the events recited herein, the Defendants, while acting under color of law, subjected Plaintiff to discrimination based on race, religion, and national origin in violation of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

31. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from his employment with the Defendants, as well as embarrassment, humiliation, and mental and emotional distress as a consequence of the Defendant's actions.

32. Because of the foregoing, Plaintiff has been damaged in the amount of THREE MILLION DOLLARS ($3,000,000.00).

## COUNT TWO
## VIOLATIONS OF TITLE VII

33. Plaintiff re-alleges the allegations of ¶¶ 1-28 and incorporates them by reference herein.

34. Defendants refused Plaintiff admission to the Police Academy, and thereby employment with the New York City Police Department because of his race, religion, and national origin.

35. Defendants thereby violated 42 U.S.C. § 2000e-2(a)(1) which makes it an unlawful employment practice to "fail or refuse to hire … any individual, or otherwise discriminate against any individual …because of such individual's race, color, religion, sex, or national origin;".

36. As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from his employment

with the Defendants, as well as embarrassment, humiliation, and mental and emotional distress as a consequence of the Defendant's actions.

37.     Because of the foregoing, Plaintiff has been damaged in the amount of THREE MILLION DOLLARS ($3,000,000.00).

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1.     Declaring that the aforementioned discriminatory action of Defendants are unconstitutional, and are in violation of the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1983.

2.     Granting Plaintiff money damages in the amount of no less than THREE MILLION DOLLARS ($3,000,000.00) in compensatory damages or in an amount to be proven at trial for each cause of action;

3.     Granting Plaintiff, TWO MILLION DOLLARS ($2,000,000.00) in punitive damages;

4.     Granting Plaintiff injunctive relief;

5.     Granting Plaintiff all costs for this action, including reasonable attorneys fees incurred by Plaintiff; and

6.     Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated: October 23, 2007
       New York, New York

                                    Respectfully Submitted,

                            By:_____s_____
                              DAVID B. RANKIN (DR 0863)
                              Attorneys for the Petitioner
                              350 Broadway, Suite 700
                              New York, NY 10013
                              212-226-4507