UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SAID HAJEM,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF THE NEW YORK
CITY POLICE DEPARTMENT, P.O. RAMKISSOON,
in their individual and professional capacities,

                                      Defendants.

------------------------------------------------------------------- x

**DEFENDANTS' ANSWER TO THE COMPLAINT**

07 Civ. 9491 (RJS)

        Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York as and, for their Answer to the Complaint, respectfully allege as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        3. Deny the allegations set forth in paragraph "3" of the Complaint.

        4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

        5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that the City of New York is a municipal entity created and authorized under the laws of the State of New York, and respectfully refer the court to Chapter 18 of the New York City Charter for a complete and accurate statement of the powers and duties of the New York City Police Department ("NYPD").

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Raymond Kelly has been the Commissioner of the New York City Police Department since 2002, and that plaintiff purports to proceed as set forth therein.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that defendant Ramkissoon is employed as a Police Officer with defendant NYPD and currently is assigned to the Application Processing Unit of the New York City Police Department, and that plaintiff purports to proceed as set forth therein.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit, upon information and belief, that plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") on or about April 15, 2007.

11. Deny the allegations set forth in paragraph "11" of the Complaint, and respectfully refer the Court to the EEOC complaint for a complete and accurate statement of its contents.

12. Deny the allegations set forth in paragraph set forth in paragraph "12" of the Complaint, except admit, upon information and belief, that the EEOC issued plaintiff a right to sue letter dated July 25, 2007.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff achieved a passing score with respect to Police Officer Exam no. 5046.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that one of the qualifications for the position of police officer with the NYPD is the attainment of 60 credits at an accredited college, and maintaining a 2.0 GPA.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, and respectfully refer the court to a copy of the June 28, 2006 letter for a complete and accurate statement of its contents.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit that plaintiff has not been appointed to the position of Police Officer with the NYPD.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28 of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-27" inclusive of their answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-32" inclusive of their answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit plaintiff purports to invoke the jurisdiction in this Court as set forth therein.

### FOR A FIRST DEFENSE:

38. The Complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

39. This action is barred, in whole or in part, because plaintiff has failed to perform all the conditions precedent to filing this lawsuit.

### FOR A THIRD DEFENSE:

40. Plaintiff may not recover punitive damages from defendant.

### FOR A FOURTH DEFENSE:

41.    The individually named Defendants are not subject to suit under Title VII.

## FOR A FIFTH DEFENSE:

42. At all times relevant to the acts alleged in the Complaint, defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to plaintiff were undertaken for legitimate business reasons and were nondiscriminatory and nonretaliatory.

**WHEREFORE,** defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           February 15, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants
                    100 Church Street, Room 2-143
                    New York, New York 10007
                    (212) 788-0895

By: _____
      Jason Friedman
      jfriedma@law.nyc.gov
      Assistant Corporation Counsel

To:    David B. Rankin
      Attorney at Law
      350 Broadway, Suite 700
      New York, NY 10013
      (212) 226-4507

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

SAID HAJEM,

                            Plaintiff,

          -against-                            07 Civ. 9491 (RJS)

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF THE NEW YORK
CITY POLICE DEPARTMENT, P.O. RAMKISSOON,
in their individual and professional capacities,

                            Defendants.

------------------------------------------------------------------ X

## CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2008, I caused a true and correct copy of the foregoing DEFENDANTS' ANSWER TO THE COMPLAINT to be served by regular mail on the following:

                            David B. Rankin
                            Attorney at Law
                       350 Broadway, Suite 700
                         New York, NY 10013

Dated:       New York, New York
             February 15, 2008

                                          Jason Friedman
                                          jfriedma@law.nyc.gov
                                          Assistant Corporation Counsel

Docket No. 07 Civ. 9491 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAID HAJEM,

Plaintiff,

-against-

THE CITY OF NEW YORK, RAYMOND KELLY, POLICE COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT, P.O. RAMKISSOON, in their individual and professional capacities,

Defendants

**DEFENDANTS' ANSWER TO THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Rm 2-143*
*New York, N.Y. 10007*

*Of Counsel: Jason Friedman*
*Tel: (212) 788-1328*
*NYCLIS No. 2007-040375*

Due and timely service is hereby admitted.

New York, N.Y. ........................................, 200 . . .

................................................................ Esq.

Attorney for.................. ...............................................