

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

SAID HAJEM,

                             Plaintiff,    **STIPULATION AND**
                                         **PROTECTIVE ORDER**

    -against-

                                                      07 Civ. 9491 (RJS)

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF THE NEW YORK
CITY POLICE DEPARTMENT, P.O. RAMKISSOON,
in their individual and professional capacities,

                             Defendants.

------------------------------------------------------------ x

        **WHEREAS**, plaintiff has sought certain documents from defendants in discovery in this action, documents which Defendants deem confidential; and

        **WHEREAS,** Defendants objects to the production of those documents unless appropriate protection for the confidentiality of the information contained therein is assured;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the parties, as follows:

        1.    As used herein, "Confidential Materials" shall mean all documents provided to plaintiff's counsel by defendants' counsel concerning defendants' investigation of plaintiff's candidacy for the position of Police Officer under Exam No. 5046 and all documents provided to plaintiff's counsel by defendants' counsel concerning current or former employees of the New York City Police Department ("NYPD") including, but not limited to personnel, medical, disciplinary, time and attendance, labor relations, Equal Employment Opportunity ("EEO"), investigative, or other files of the NYPD, and the information contained therein, except that such documents and information shall not be deemed "Confidential Materials" to the extent,

and only to the extent, that they are (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2.  Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

3.  Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to Defendants' attorneys upon their request.

4.  Deposition testimony concerning any Confidential Materials or revealing the content of any Confidential Materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover

page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

5. If any paper incorporating or attaching any Confidential Materials or revealing the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

6. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to Defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys.

7. Nothing in this Stipulation and Protective Order shall be construed to limit Defendant's use of the Confidential Materials in any manner.

Dated:    New York, New York
          July 22, 2008

David B. Rankin (DR 0863)  
Attorney for Plaintiff  
350 Broadway, Suite 700  
New York, NY 10013  
(212) 226-4507  
David@DBRankinLaw.com  

By: _____  
    David B. Rankin

MICHAEL A. CARDOZO  
Corporation Counsel of the  
  City of New York  
Attorney for Defendants  
100 Church Street, Room 2-143  
New York, N.Y. 10007  
(212) 788-1328  
jfriedma@law.nyc.gov  

By: _____  
    Jason Friedman  
    Assistant Corporation Counsel

SO ORDERED:

_____  
U.S.D.J.  
7/23/08

4

## EXHIBIT A

I hereby acknowledge that I have read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York on _____, 2008, in the action entitled Hajem v. City of New York, et al, 07 Civ. 9491 (RJS), and understand the terms thereof.

I agree not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

I understand that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies, notes, and summaries, and other materials containing or referring to Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, notes, and summaries that are or were maintained on any computer hard drive, diskette, or CD-Rom must be either destroyed or returned at the conclusion of this matter.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | _____ |
| | Print Name |
| | _____ |
| | Occupation |